# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Michael L. Singleton,<br>    Debtor.<br><br><br>U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,<br>    Movant,<br>      v.<br>Michael L. Singleton,<br>    Debtor/Respondent,<br>KENNETH E. WEST,<br>    Trustee/Additional Respondent. | Bankruptcy No. 25-10447-amc<br><br>Chapter 13 |

### STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY

U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Secured Creditor" or "Movant") and Michael L. Singleton ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

### I.  BACKGROUND:

1. On October 20, 2006, Michael Singleton executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $278,935.00.00.

2. The Mortgage was recorded on October 25, 2006 with the Kent County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Kent County commonly known as 69 Lea Avenue, Frederica, Delaware 19946 (the "Property").

4. The Note and Mortgage were last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly post-petition payments of principal, interest and escrow when they became due. As of September 17, 2025 the post-petition arrears owed Movant is $17,811.26 and comprises seven (7) monthly mortgage payments of $2,323.18 each and attorney fees and costs in the amount of $1,549.00.

6. Thus, Debtor's post-petition arrears currently total $17,81126.

7. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $2,323.18 per month shall become due under the Note and Mortgage on the 1st day of each successive month, beginning October 1, 2025 until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for same.

8. U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Debtor confirms and acknowledges his financial obligations to Select Portfolio Servicing, Inc. under the Note and Mortgage.

10. Debtor further confirms and acknowledges his failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrears as set forth in Paragraphs 5 and 6 above.

11. Debtor further confirms and acknowledges his obligation to make regular post-petition payments

of principal, interest and escrow going forward from October 1, 2025 as set forth in Paragraph 7 above.

12. Debtor further agrees to continue to making regular post-petition payments of principal, interest and escrow in the amount of $2,323.18 monthly (Debtor acknowledges that the monthly payment amount is subject to change) that shall become due on the 1st day of each month beginning October 1, 2025 until his obligation to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns under the Note is paid in full.

13. Debtor further agrees to file an Amended Plan within ten (10) days of the entry of an Order Approving this Stipulation that will include treatment of the post-petitions arrears owed to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.  The Plan shall include language that the post-petition arrears through September 1, 2025 shall be paid over the remaining life of the Chapter 13 Plan in incremental payments by the Chapter 13 Trustee.  If required, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST shall file a supplemental claim or amended proof of claim reflecting the post-petition arrears through September 1, 2025. Payments should be remitted to:

**Selene Finance, LP**
**3501 Olympus Blvd., Suite 500**
**Dallas, TX   75019**

14. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion.  Should the Debtor fail to cure the arrears, U.S. BANK TRUST

NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST will issue and serve upon Debtor's attorney written notification of default ("Notice") of this Stipulation.  If the default is not cured within fifteen (15) days of the Notice, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST may file a Certification of Default with the Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the Automatic Stay.

15. In the event the Debtor defaults on his obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns shall serve the attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default ("Notice").  In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or Order of the U.S. Bankruptcy Court.  If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per notice, as attorney fees, in

addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

16. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then without further notice, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, whereupon U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

17. Neither U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's consent to this Stipulation nor its acceptance of any payments, full or partial, as tendered by or on behalf of Debtor shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's right to proceed with or commence a foreclosure or other legal action against Debtor under this Stipulation. However, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.

18. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S.

Bankruptcy Court ("Court").  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the U.S. Bankruptcy Court.

19. Debtor hereby certifies and confirms that he reviewed the terms of the Stipulation with his attorney, understands and is in agreement with the terms of this Stipulation, and authorizes his attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Sherri R. Dicks                                             Date: 9/26/2025
Sherri R. Dicks, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA Bar No. 90600
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: sdicks@raslg.com
Attorneys for Movant

/s/ Brad Sadek                      with express permission    Date: 9/25/2025
BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste. 220
Philadelphia, PA 19102
Telephone: 215-545-0008
Facsimile: 215-545-0611
Email: brad@sadeklaw.com

NO OPPOSITION:

/s/ *Jack K. Miller, Esq.   for*       with express permission    Date:   *9/26/2025*
KENNETH E. WEST
Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
Telephone: 215-627-1377